**Robert L. CHUFO, Petitioner,**

v.

**DEPARTMENT OF the INTERIOR, Respondent.**

No. 94–3397.

United States Court of Appeals, Federal Circuit.

Jan. 13, 1995.

**420**

Peter B. Broida, Cohen, Broida & Associates, Arlington, VA, argued, for petitioner.

Mark D. Rubino, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued, for respondent. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Sharon Y. Eubanks, Asst. Director.

Before NEWMAN, RADER and BRYSON, Circuit Judges.

RADER, Circuit Judge.

The Department of the Interior (Interior) suspended Robert Chufo for thirty days because he allegedly used a Government-leased car for personal business. The Merit Systems Protection Board (Board) sustained the suspension. *Chufo v. Department of Interior*, No. PH–0752–93–0630–I–1 (M.S.P.B. Jan. 6, 1994). The Board denied review of its initial decision on May 3, 1994. Because the Government did not lease the car Mr. Chufo used, this court reverses.

## BACKGROUND

Robert Chufo is an engineer at Interior. In February 1993, Mr. Chufo prepared a travel request to attend a symposium from April 26 to 29, 1993 in Denver, Colorado. Mr. Chufo sought permission on the travel request to rent an automobile for his time in Denver. He stated that he planned to visit the National Institute of Standards and Technology (NIST) in Boulder, Colorado over the weekend preceding the symposium. Mr. Chufo's supervisors granted his car rental request to facilitate his visit to NIST.

Mr. Chufo arrived in Denver on April 23. He rented a car from a private car rental company, Payless, with a credit card issued to him by the Government. The card enabled Mr. Chufo to secure a special "Government" rate for the rental. Mr. Chufo then drove 300 miles to Ridgeway, Colorado on personal business. He never traveled to Boulder. Mr. Chufo stayed in Ridgeway for the weekend and returned to Denver on Sunday, April 25 for the symposium.

Upon his return from the symposium, Mr. Chufo submitted a reimbursement request to Interior for his trip expenses. He included the sum of $173.94 for the rental car cost.

Interior proposed suspending Mr. Chufo on June 4, 1993, because he obtained a rental car for ostensibly official purposes but instead used the car for personal travel. Interior did not charge Mr. Chufo with insubordination, nor with submission of a false vehicle or reimbursement request. On August 12, 1993, Interior suspended Mr. Chufo for thirty days without pay, which is the mandatory minimum punishment for misuse of a Government vehicle under 31 U.S.C. § 1349(b) (1988).

Mr. Chufo appealed his case to the Board. The Board's Initial Decision sustained the suspension because Chufo's trip to Ridgeway was not government work, and because the deviation in use of the vehicle was not minor. *Chufo v. Department of Interior*, PH–0752–93–0630–I–1 (M.S.P.B. Jan. 6, 1994). Mr.

Chufo petitioned for full Board review of the decision, but the Board refused to reopen the case and issued a summary affirmation in a Final Decision. *Chufo v. Department of Interior*, 62 M.S.P.R. 377 (M.S.P.B.1994). Mr. Chufo appeals.

## DISCUSSION

### I.

This case asks whether the Government leased the vehicle used by Mr. Chufo. This question rests on a legal interpretation of the rental agreement and the facts surrounding the rental itself. This court affirms the Board's decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987). This court reviews matters of law *de novo*. *Marano v. Department of Justice*, 2 F.3d 1137, 1141 (Fed.Cir.1993).

### II.

 Interior suspended Mr. Chufo for allegedly violating 31 U.S.C. § 1349(b) (1988):

An officer or employee who willfully uses ... a passenger motor vehicle ... *owned or leased by the United States government* (except for an official purpose ...) shall be suspended for at least one month....

*Id.* (emphasis added). Mr. Chufo only received the minimum penalty under this statute. This minimal penalty is only valid, however, if Mr. Chufo misused a passenger motor vehicle *leased* by the Government.

To ascertain whether Mr. Chufo used a car "leased by the United States Government" under section 1349(b), this court consults the regulations governing Government leases. The Federal Acquisition Regulations (FAR) attach stringent requirements to any lease arrangement by the Government. The FAR defines "leasing" as "the acquisition of motor vehicles, other than by purchase from private or commercial sources...." 48 C.F.R.

§ 8.1101 (1993). The FAR then lists many required terms for contracts between the Government and a lessor. Among these terms is a mandatory vehicle lease payment clause:

VEHICLE LEASE PAYMENTS (APR 1984)

(a) Upon the submission of proper invoices or vouchers, the Government shall pay rent for each vehicle at the rate(s) specified in this contract

. . . .

(c) Rent shall not accrue for any vehicle that the Contracting Officer determines does not comply with the Condition of Leased Vehicle clause of this contract.

48 C.F.R. § 52.208–4 (1993). This regulation sets several requirements for a Government lease, including direct Government responsibility for lease payments through direct invoices and procurement of the lease by a Contracting Officer. In this case, no Contracting Officer procured the lease of Mr. Chufo's rental car. Moreover, the Government did not assume any responsibility to make lease payments under Mr. Chufo's rental agreement with Payless. In sum, the vehicle used by Mr. Chufo did not comply with the regulatory requirements for a Government lease.

Next this court examines the lease arrangement for the vehicle. The car rental agreement was between Mr. Chufo and Payless. It was a standard-form contract that listed Mr. Chufo alone as the customer and bore only his signature. The contract did not list Mr. Chufo's employer, even though a space was provided for this information. No language in the contract indicated that the vehicle was leased by the Government.

 Mr. Chufo's use of a credit card that Interior issued to him as a Government traveler did not convert his rental agreement into a Government lease. Under the credit card arrángement, Government employees pay the credit card bills themselves. The employees then submit reimbursement requests to the Government for "all authorized and allowable travel and transportation expenses." 41 C.F.R. § 301–15.44(c) (1993). The Government itself assumes no liability

for charges incurred on the credit cards. 41 C.F.R. § 301–15.44(h) (1993). Mr. Chufo was solely responsible to Payless for payment of the car rental fees.

Under the credit card arrangement, Government employees may obtain "Government rates" for official travel expenses. *See* Bureau of Mines Travel Handbook § 1 (1991). But the existence of this rate does not convert Mr. Chufo's individual contract into a lease between Payless and the Government. The lease agreement was solely between Mr. Chufo and Payless at a pre-set Government rental rate.

Furthermore, the mere fact that Mr. Chufo rented the vehicle for Government use does not create an implied lease between Payless and the Government. A lease between the Government and Payless would require a demonstration of mutual intent to contract, offer and acceptance, and contractual authority vested in an individual seeking to bind the Government. *See H.F. Allen Orchards v. United States*, 749 F.2d 1571, 1575 (Fed.Cir.1984). None of these factors are present here. The Government did not contract with Payless for Mr. Chufo's rental car. As mentioned above, Interior does not even appear on the rental agreement. Mr. Chufo alone signed the contract. Most importantly, Mr. Chufo never sought to bind the Government through his car rental agreement. He himself paid Payless, and then sought reimbursement for the expense. The Government was never bound to pay Payless. In the absence of any enforceable agreement between the Government and Payless, the only lease was between Mr. Chufo and Payless.

The Government did not establish that it leased Mr. Chufo's rental car. Mr. Chufo did not misuse a motor vehicle "leased by the United States Government." 31 U.S.C. § 1349(b). Thus, the Government did not meet the statutory conditions necessary for its imposition of the mandatory thirty-day suspension under section 1349(b).

## CONCLUSION

The Board erred in its interpretation of the contract between Mr. Chufo and Payless. The Board also erred in sustaining the Agency's suspension of Mr. Chufo without substantial evidence to support the statutory penalty imposed by 31 U.S.C. § 1349(b).

## COSTS

Each party shall bear its own costs.

REVERSED.